IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANTOINE DIRAY JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIV-21-401-R |
| v. | ) | |
| | ) | |
| ANDY MOON, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner appearing *pro se* and *in forma pauperis*, brings this action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Having reviewed the sufficiency of the Complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B), the undersigned recommends Plaintiff's action be dismissed without prejudice as untimely.

## I. Background

On September 30, 2010, Plaintiff was convicted on five counts of Robbery with a Dangerous Weapon. *See* Oklahoma State Courts Network, Comanche

County District Court, Case No. CF-2009-8.[1] Following his convictions, Plaintiff filed an appeal with the Oklahoma Court of Criminal Appeals ("OCCA"), which affirmed the same. *See* Oklahoma State Courts Network, *Johnson v. State*, Oklahoma Court Criminal Appeals, Case No. F-2010-979.[2] In 2012, 2014, and 2016, Plaintiff filed applications for post-conviction relief, each of which were denied. *See* Oklahoma State Courts Network, Comanche County District Court, Case No. CF-2009-8.[3] He also appealed each of those denials to the OCCA, and it affirmed the same.

On November 12, 2014, Plaintiff filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his convictions. Petition, *Johnson v. Patton*, No. 14-cv-1263-C, 2015 WL 5038132, at *1 (W.D. Okla. Aug. 25, 2015), Doc. No. 1. Thereafter, Plaintiff requested a Certificate of Appealability ("COA") from the Tenth Circuit Court of Appeals, which denied the same. *Johnson v. Patton*, 634 F. App'x 653, 655, 664 (10th Cir. 2015).

---

[1] https://www.oscn.net/dockets/GetCaseInformation.aspx?db=comanche&number=CF-2009-8&cmid=309289

[2]   https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=F-2010-979&cmid=105623

[3] https://www.oscn.net/dockets/GetCaseInformation.aspx?db=comanche&number=CF-2009-8&cmid=309289

Plaintiff filed a second Petition for Writ of Habeas Corpus with this Court in 2017. The Court dismissed the Petition based on a lack of jurisdiction, explaining, "[T]he action would be time-barred and Plaintiff is unable to satisfy the requirements for filing a successive petition." *Johnson v. Patton*, No. CIV-17-346-C, 2017 WL 2684615, at *5 (W.D. Okla. May 30, 2017). Plaintiff requested a COA from the Tenth Circuit and it again denied the request. *Johnson v. Patton*, 698 F. App'x 564 (10th Cir. 2017).

Plaintiff brought the current lawsuit under *Bivens* and named United States Marshal Andy Moon as the sole Defendant. *See generally* Doc. No. 1. Plaintiff explains that prior to his arrest leading to his 2010 robbery convictions, Defendant Moon was the first law enforcement personnel on the scene and called for additional police officers. *Id.* at 6-7. Defendant Moon did not testify at Plaintiff's trial. Doc. No. 1-2 at 1. Plaintiff further explains that he wants to file a "motion to recall mandate" with the Tenth Circuit in Plaintiff's appeal of the denial of his habeas Petition and Defendant Moon has information that would be beneficial to the same. Doc. No. 1-1 at 4-5. By this action, Plaintiff seeks to compel Defendant Moon to share testimony or information regarding events occurring prior to or during Plaintiff's 2009 arrest. Doc. No. 1 at 7.[4]

---

[4] Plaintiff previously asserted similar claims to this Court in a Petition for Writ of

3

II.  Screening of Prisoner Complaints

A federal district court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915(e)(2)(B). The court must dismiss a complaint or any portion of it at any time if it determines the claims are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.*

In conducting this review, the reviewing court must accept the plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from the allegations, in the light most favorable to the plaintiff. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Although a pro se litigant's pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true)

---

Mandamus. Report and Recommendation, *Johnson v. State of Okla.*, No. CVI-20-580-R (W.D. Okla. July 31, 2020), Doc. No. 9 at 2. Therein, Plaintiff alleged that "fraud occurred in his state court criminal case in the form of State Government Officials . . . obstruct[ing] justice by withholding evidence in the form of testimony from the arresting officers. . . . [and sought] a writ of mandamus from this Court compelling the arresting officers be produced for oral examination." *Id.* (quotations omitted). In that case, Plaintiff named the State of Oklahoma, Comanche County District Attorney Fred Smith, and the Comanche County District Attorney's Office as Defendants. *Id.* The Court dismissed the case based on lack of subject matter jurisdiction because a "federal district court's mandamus power extends only to federal[, rather than state,] officials or agencies." *Id.* at 3; Doc. Nos. 11, 12.

to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The allegations in a complaint must present "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Further, a claim is frivolous "where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989).

III. <u>Analysis</u>

As an initial matter, the Court notes that in *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court addressed "whether a state prisoner may challenge the constitutionality of his conviction in a [civil rights] suit . . . ." *Id.* at 478. The case involved a § 1983 claim arising out of alleged unlawful acts by state prosecutors and police officers that led to the plaintiff's arrest and ultimate conviction of a criminal offense. *Id.* at 478-79. Therein, the Supreme Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. If so, the court must dismiss the complaint "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-

82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

Relying on *Bradley v. Pryor*, 305 F.3d 1287 (11th Cir. 2002), Plaintiff argues *Heck* does not apply to bar this lawsuit. In *Bradley*, the plaintiff brought an action under 42 U.S.C. § 1983 seeking "production of certain physical and biological evidence" so that he could have DNA testing performed. *Id.* at 1288. Defendants argued that *Heck* barred the plaintiff's claims because the only reason he "wishes to test the evidence is to mount a subsequent challenge to his conviction and sentence." *Id.* at 1290. The court disagreed, explaining,

> [S]uccess in [the plaintiff's] suit will not demonstrate the invalidity of his conviction or sentence. . . . Bradley seeks access, for the purpose of DNA testing, to evidence that he believes is in the State's possession. He prevails in this lawsuit once he has access to that evidence or an accounting for its absence. Nothing in that result necessarily demonstrates or even implies that his conviction is invalid. As Bradley points out, it is possible that the evidence will not exculpate him, or the proof will show that any unavailable evidence was lost innocently. In that case, he would have no grounds subsequently to pursue a challenge to his conviction or sentence. But even if the evidence, after testing, permits Bradley to challenge his sentence, that challenge is no part of his § 1983 suit. He would have to initiate an entirely different lawsuit, alleging an entirely different constitutional violation, in order to demonstrate that his conviction

6

and sentence are invalid.

*Id.*

Here, Plaintiff relies on this same reasoning to argue *Heck* does not bar his current action seeking information from Defendant Moon. Doc. No. 1-1 at 6-7. However, it is not necessary to resolve whether *Heck* applies because Plaintiff's claims are clearly untimely.

The statute of limitations period for claims brought under *Bivens* is two years. *Gallegos v. Cty. Jail/Facility Loncolton*, No. CIV-18-734-R, 2018 WL 5118589, *2 (W.D. Okla. Oct. 22, 2018). "The Tenth Circuit has held that the discovery rule applies to judicially-created *Bivens* actions. 'A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence.'" *Id.* (quoting *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994)). "Under this accrual rule, it is the 'discovery of the injury, not discovery of the other elements of a claim [that] starts the clock.'" *Gallegos*, 2018 WL 5118589, at *2 (quoting *Rotella v. Wood*, 528 U.S. 549, 555, (2000)).

Plaintiff asserts that Defendant Moon possesses information relevant to his robbery convictions and that would be helpful in his efforts to persuade the Tenth Circuit to recall its previous mandate. Doc. No. 1 at 4-5. Plaintiff never indicates

that he only recently discovered Defendant Moon possessed this information. Thus, given that Plaintiff was arrested in 2009 and convicted in 2010, it is reasonable to infer that Plaintiff has been aware Defendant Moon possessed such information since his arrest and conviction. Plaintiff did not initiate this action until April 26, 2021. Accordingly, Plaintiff's suit is barred by the statute of limitations unless Plaintiff shows a basis for tolling the statute of limitations.

Federal statutes of limitations "are generally subject to equitable principles of tolling." *Rotella*, 528 U.S. at 560. However, equitable tolling is employed as an "exception, not the rule." *Id.* at 561. Additionally, "state law governs the application of tolling in a civil rights action." *Alexander v. Oklahoma*, 382 F.3d 1206, 1217 (10th Cir. 2004); *see also Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995) (applying state law tolling rules in § 1983 context).

> In general, Oklahoma permits the tolling of a statute of limitations in two circumstances. First, the existence of a "legal disability" provides proper grounds for equitable tolling. *See* Okla. Stat. tit. 12 § 96 (West 2000). Although the exact definition of this term remains unclear, Oklahoma courts have applied this provision only for plaintiffs whose competency is impaired or who have not reached the age of majority. *See, e.g., Lovelace v. Keohane*, 831 P.2d 624, 629 (Okla. 1992) (finding that those who could conduct their own business affairs over time are sufficiently competent to render them ineligible for "legal disability" tolling) . . . .
>
> Second, the Oklahoma discovery rule tolls the statute of limitations "until an injured party knows of, or *in the exercise of reasonable diligence*, should have known of or discovered the injury, and

resulting cause of action." *Id.* Therefore, if defendants engage in "false, fraudulent or misleading conduct" calculated to lull plaintiffs into sitting on their rights, the limitations period may not be triggered. *Jarvis v. City of Stillwater*, 732 P.2d 470, 473 (Okla. 1987); *see also Hurt v. Garrison*, [] 133 P.2d 547, 550 (1942) (holding a statute of limitations tolled during a period of fraudulent concealment).

*Alexander,* 382 F.3d at 1217.

The allegations in Plaintiff's Complaint "do not fit within any of these circumstances." *See Young v. Davis*, 554 F.3d 1254, 1258 (10th Cir. 2009) (affirming dismissal of *Bivens* claim on screening as barred by the statute of limitations). Plaintiff does not claim he is under a "legal disability" or that Defendant engaged in "false, fraudulent[,] or misleading conduct" to lull Plaintiff into sitting on his rights. *Id.* (quotations omitted)*; Breedlove v. Costner*, 405 F. App'x 338, 342 (10th Cir. 2010).

Alternatively, Plaintiff argues that a continuing violation doctrine applies to his claims. Doc. No. 1-1 at 7-11. Continuing violation theory allows a plaintiff to seek relief for events outside of the limitations period. The continuing-violation doctrine "is a creation of federal law," *Thomas v. Denny's, Inc*., 111 F.3d 1506, 1513 (10th Cir. 1997), under which "a plaintiff may avoid the statute of limitations when the defendant has acted pursuant to a pattern or longstanding policy or practice of constitutional violations," *Mercer-Smith v. N.M. Children, Youth &*

*Families Dep't*, 416 Fed. Appx. 704, 712 (10th Cir. 2011) (citing *Robinson v. Maruffi*, 895 F.2d 649, 655 (10th Cir. 1990)). The "doctrine permits a court to look backwards to the entirety of a continuing wrong to assess its cumulative effect, *so long as an injurious act falls within the statute of limitations period*." *Burkley v. Corr. Healthcare Mgmt.*, 141 Fed. Appx. 714, 716 (10th Cir. 2005) (emphasis added). The continuing violation doctrine does not save Plaintiff's claims herein.

First, it does not appear the Tenth Circuit has determined in a published decision whether the doctrine applies to *Bivens* claims. *See, cf., Canfield v. Douglas City*, 619 F. App'x 774, 778 (10th Cir. 2015) ("[T]his court has never held that the continuing-violation doctrine applies to § 1983 cases."); *Mercer-Smith*, 416 F. App'x at 712 ("[T]he doctrine of continuing violations does not apply to § 1983 claims."); *see also Griffin v. Gorman*, No. 17-cv-03019-MSK-KMT, 2019 WL 4464021, at *7 (D. Colo. Sept. 18, 2019) (declining to apply the continuing violation doctrine to a civil rights claim, explaining "The continuing violation doctrine was developed in the Title VII employment law context and allows a plaintiff to challenge incidents that occurred outside the statutory time limitations if such incidents are sufficiently related and thereby constitute a continuing pattern of discrimination. However, the Tenth Circuit has never

applied the doctrine to § 1983 claims. *Vasquez v. Davis*, 882 F.3d 1270 (10th Cir. 2018); *Mercer-Smith* [], 416 F. App'x [at] 712 []; *Canfield* [], 619 F. App'x [at] 778). Thus, given the lack of support for applying the doctrine in cases analogous to the one at bar, the Court declines to apply the continuing violation doctrine to Mr. Griffin's § 1983 claims." (additional citations and quotation omitted)); *Atwood v. United States*, No. CIV-17-0629-C, 2019 WL 1522891, at *6 (W.D. Okla. March 1, 2019) (declining to decide whether the continuing violation doctrine applies to the plaintiff's *Bivens* claim, noting, "The Tenth Circuit has not decided whether Title VII's continuing violation doctrine should apply to § 1983 claims." (citing *Colby v. Herrick*, 849 F.3d 1273, 1280 (10th Cir. 2017) (assuming "[f]or the sake of argument" that continuing violation doctrine applies to § 1983 claims but concluding the doctrine would not save time-barred claim in that case)).

Second, presuming without deciding it did apply, the continuing-violation doctrine "is triggered 'by continual unlawful acts, not by continual ill effects from the original violation.'" *Parkhurst v. Lampert*, 264 F. App'x 748, 749 (10th Cir. 2008) (quoting *Bergman v. United States*, 751 F.2d 314, 317 (10th Cir. 1984)). Plaintiff's allegations indicate Defendant Moon's 2010 failure to testify at his trial has acted as a detriment to Plaintiff's attempts to have his convictions overturned,

or perhaps was a primary factor in his being convicted. However, he does not allege any act or omission on the part of Defendant Moon since that time.[5] In an effort to circumvent the requirement for continual unlawful acts, Plaintiff argues Defendant Moon is violating a continuous "ethical" duty by not sharing this allegedly exculpatory information. Doc. No. 1-1 at 9. However, Plaintiff's subjective beliefs regarding the ethical duties of a United States Marshal are not sufficient to establish unlawful acts on the part of Defendant Moon.

Finally, to the extent Plaintiff intended to seek a writ of mandamus from this Court compelling Defendant Moon to share information or knowledge he possesses regarding events surrounding Plaintiff's arrest and/or criminal charges, his claim fails for similar reasons. 28 U.S.C. § 1361 provides, "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." In order to be entitled to mandamus relief, "a plaintiff must demonstrate '(1) that he has a clear right to relief, (2) that the [defendant's] duty to perform the act in question is plainly defined and peremptory, and (3) that he has no other adequate remedy.'" *Sullivan v. Univ. of Kan. Hosp. Auth.*, 844

---

[5] Notably, Plaintiff does not offer any explanation as to why Defendant Moon did not testify during his state court criminal proceedings.

Fed. App'x 43, 51 (10th Cir. 2021) (quoting *Rios v. Ziglar*, 398 F.3d 1201, 1206 (10th Cir. 2005)). *See also Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1235 (10th Cir. 2005) ("Mandamus relief is available only to compel a government officer to perform a duty that is ministerial, clearly defined, and peremptory as opposed to duties within the officer's discretion." (quotations omitted)).

Here, Plaintiff has not identified a legal duty Defendant Moon has failed to perform. Although he references 18 U.S.C. § 1001, which prohibits, *inter alia,* the concealment of material facts, this statute applies to matters within the jurisdiction of a department or agency of the federal government. *Cf., United States v. Stein*, 985 F.3d 1254, 1269-70 (10th Cir. 2021). It is not implicated in state court criminal proceedings.

Plaintiff again relies primarily on his own subjective conclusions regarding Defendant Moon's ethical duties. This is not sufficient to support a petition for writ of mandamus. *See Hudgins v. Cir. Ct. of Chesapeake*, 294 F. Supp. 258, 260 (E.D. Va. 1968) ("Before a writ of mandamus may issue, it must appear that the claim is clear and certain and the duty of the officer involved must be ministerial, plainly defined and peremptory. The duty sought to be exercised must be a positive command and so plainly prescribed as to be free from doubt. "). Because Defendant Moon does not have a federal duty to share information with Plaintiff

regarding what he observed on the night of Plaintiff's arrest, this Court has no authority to direct him to do so.

<u>RECOMMENDATION</u>

Based on the foregoing findings, it is recommended Plaintiff's Bivens action be dismissed without prejudice as untimely. Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by  October 25<u>th</u> , 2021, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

Dated this   5<u>th</u>   day of <u>October</u>, 2021.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE