IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANTIONE DIRAY JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-21-401-R |
| | ) | |
| ANDY MOON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before this Court is the Report and Recommendation of United States Magistrate Judge Gary M. Purcell, entered on October 5, 2021. Doc. No. 15. Plaintiff was ordered to file his objection by October 25, 2021. Doc. No. 15 at 14. In absence of an objection, the Court entered judgment dismissing Mr. Johnson's complaint. Doc. No. 17. Plaintiff subsequently filed a Motion for Relief from Judgment or Order, attaching his Objection to the Report and Recommendation, and claimed that he was timely according to the prison mailbox rule. Doc. No. 18. Mr. Johnson does not meet the requirements of the prison mailbox rule, as he has not utilized a legal mail system or provided a declaration in compliance with 28 U.S.C. § 1746. *See United States v. Fredette*, 191 F. App'x 711, 714 (10th Cir. 2006). However, Plaintiff has provided some evidence that he mailed his objection on October 21, 2021 [Doc. No. 18-2], therefore the Court will vacate its earlier order and judgment [Doc. Nos. 16, 17], construe his objection as timely, and address his argument on the merits.

Mr. Johnson's brings his current complaint under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). It stems from Defendant

Andy Moon's lack of testimony during the proceedings that led to Plaintiff's conviction on September 30, 2010, on five counts of Robbery with a Dangerous Weapon. Doc. No. 15 at 1. In 2009, Mr. Moon was the first law enforcement officer on site and called additional officers to where police arrested Mr. Johnson. *Id*. at 3. Plaintiff desires to force Mr. Moon into testifying and sharing information as to the events prior to or during his arrest. *Id*. He believes that such testimony would assist him in filing a "motion to recall mandate" with the Tenth Circuit. *Id*. In short, Mr. Johnson desires the Court to force Defendant into providing testimony so Plaintiff can perhaps reopen his habeas petitions.

Judge Purcell recommends the Court dismiss Plaintiff's claim without prejudice as time barred. *Id*. at 1. His reasoning is clear. Claims brought under *Bivens* are subject to a two-year statute of limitations in Oklahoma. *Id*. at 7. "The Tenth Circuit has held that the discovery rule applied to judicially-created *Bivens* actions. 'A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence'" *Gallegos v. Cnty. Jail/Facility Loncolton*, No. CIV-18-734-R, 2018 WL 5118589, *2 (W.D. Okla. Oct. 22, 2018) (quoting *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994). Here, Mr. Johnson was arrested in 2009, convicted in 2010, and did not file his complaint until 2021. Doc. 15 at 8. It is reasonable to infer that Plaintiff has known Defendant possessed information about the events surrounding his arrest since at least some time between when he was arrested and convicted. Because Mr. Johnson did not file his current complaint until April 26, 2021— years after the events of 2009 and 2010—his claims are time barred by the two-year statute of limitations.

Judge Purcell additionally recommends the Court find no equitable tolling applies to Plaintiff's case. There is no evidence Mr. Johnson suffered any legal disabilities, and there is no indication that the Defendant engaged in false, fraudulent, or misleading conduct designed to lull plaintiff into sitting on his rights. *Id*. at 9 (citing *Breedlove v. Costner*, 405 F. App'x 338, 342 (10th Cir. 2010); *Alexander v. Oklahoma*, 382 F.3d 1206, 1217 (10th Cir. 2004)). Therefore, the Court finds no reason to equitably toll the statute of limitations in this case.

In response to Judge Purcell's recommendation, Plaintiff argues his claim has just accrued and that Defendant's violation is a continuing violation, not subject to the statute of limitations. Doc. No. 18-1 at 2.  Plaintiff cites no relevant facts, statutes, nor case law to support his argument.[1] Judge Purcell has thoroughly addressed the statute of limitations, its accrual, and the continuing violations doctrine in his Report and Recommendation; therefore, the Court need not go further in addressing Plaintiff's arguments. [Doc. No. 15 at 7–12.

For the reasons stated above, the Report and Recommendation is adopted except as to the recommendation to dismiss Plaintiff's case without prejudice. A dismissal based on timeliness is ordinarily one with prejudice. *See McGowan v. Wal-Mart Stores*, 757 F. App'x 786, 788 n.3 (10th Cir. 2019). The Court therefore dismisses Plaintiff's *Bivens* complaint with prejudice. Judgment will be entered accordingly.

---

[1] Plaintiff does cite to the Administrative Procedures Act and *Bivens* regarding agencies' duties to follow their own procedures but does not address how these sources enable him to overcome the statute of limitations.

IT IS SO ORDERED this 6th day of December 2021.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE