# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ANTIONE DIRAY JOHNSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. CIV-21-401-R |
| | ) |
| **ANDY MOON,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

Before the Court are Plaintiff's: (1) "Interlocutory Motion F.R.C.P. Rule54(b), (c)" (Doc. No. 35); (2) "Summary Judgment" Motion (Doc. Nos. 36-37) and "Supplemental Alternative Theory" (Doc. No. 38); (3) "Mandamus Application" (Doc. No. 39); and (4) "Motion to Compel Discovery" (Doc. No. 40). For the following reasons, Plaintiff's motions are DENIED.

Nearly eleven years after a conviction in Comanche County, Oklahoma, Plaintiff filed this Complaint against United States Marshal Andy Moon pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Doc. No. 1. Plaintiff's Complaint was dismissed with prejudice for failure to comply with the two-year statute of limitations period for claims brought under *Bivens*. Doc. Nos. 19-20. Plaintiff then filed a "Motion Under Fed.R.Civ.P. Rule 70 (C)(D)(E) Enforcing a Judgment for a Specific Act" (Doc. No. 21) and a "Supplemental Motion 15 (D)" (Doc. No. 22). Both motions were denied by the Court. Doc. No. 24. Plaintiff subsequently appealed the denial of his two post-judgment motions (Doc. No. 25). The Tenth Circuit affirmed this Court's

judgment and denied Plaintiff's petition for rehearing. Doc. Nos. 31, 33-34. Plaintiff filed the present motions following his unsuccessful appeal.[1]

"[A] district court may consider a Rule 60(b) motion to reopen a decision that has been affirmed on appeal when the basis for the motion was not before the appellate court or resolved on appeal." *F.D.I.C. v. United Pacific Ins. Co.*, 152 F.3d 1266, 1273 (10th Cir. 1998) (citing *Standard Oil Co. of California v. United States*, 429 U.S. 17, 18-19 (1976)). Here, Plaintiff "invok[es] Rule 60(b)(3)" in support of his summary judgment motion. Doc. No. 37, at 4. Plaintiff's motions are collectively construed by the Court as requesting relief from the Tenth Circuit's final judgment. Relief from a final judgment is governed by Fed. R. Civ. P. 60(b), which reads:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Having conceded that his Complaint was untimely, Plaintiff has failed to provide any additional information, or raise any matters, that were not of record before the appellate court, or resolved on appeal, which might constitute grounds for relief. Instead, Plaintiff continues to contest whether Defendant was required by law to respond to the Complaint

---

[1] On appeal, Mr. Johnson conceded his claim was untimely. Because his claim is untimely, Plaintiff's claim is not entitled to consideration on the merits.

before the case could be dismissed pursuant to 28 U.S.C. § 1915A and § 1915(e)(2)(B). The Tenth Circuit has already addressed this issue in holding that this Court "did not abuse its discretion in denying Johnson's motion to supplement" because "Johnson's implicit view—that defendants should have to answer before screening occurs—conflicts with the Prison Litigation Reform Act's goal of efficiently filtering out non-meritorious claims." Doc. No. 31, at 4.

Plaintiff has not offered evidence that has been newly discovered, and there is nothing in the record to support a claim of fraud, misrepresentation, or misconduct on the part of Defendant. Furthermore, there is no evidence to suggest neglect or a mistake in the judgment, or that the judgment is void. In short, Plaintiff has failed to provide a basis for relief from the final judgment.

Accordingly, the motions (Doc. Nos. 35-40) are DENIED.

IT IS SO ORDERED this 2nd day of September 2022.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE