IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTIONE DIRAY JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-21-401-R |
| | ) |
| ANDY MOON, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's "Motion for Reconsideration Pursuant to FRCP 59(e)" (Doc. No. 42). For the following reasons, Plaintiff's motion is DENIED.

In his Motion for Reconsideration, Plaintiff seeks review of the Court's previous order (Doc. No. 41) in which the Court denied Plaintiff's (1) "Interlocutory Motion F.R.C.P. Rule54(b), (c)" (Doc. No. 35); (2) "Summary Judgment" Motion (Doc. Nos. 36-37) and "Supplemental Alternative Theory" (Doc. No. 38); (3) "Mandamus Application" (Doc. No. 39); and (4) "Motion to Compel Discovery" (Doc. No. 40). Plaintiff requests that his "Interlocutory Motion F.R.C.P. Rule 54(b), (c)" (Doc. No. 35) "be reviewed with summary judgment." (Doc. No. 42, at 2).

In the present Motion for Reconsideration, Plaintiff contends that the Court misunderstood his argument in rendering its previous order (*see* Doc. No. 41). Plaintiff requests that the Court review "his summary judgment 56(a)" motion "as well as his other motions for a final judgment so he may file an interlocutory appeal to the Tenth Circuit." (Doc. No. 42, at 1). All motions filed by Plaintiff have been reviewed and denied.

Plaintiff asserts that the Court should "stop trying to formulate or style his arguments for him[,]" and that "his argument is when the Defendant was served with the summons under Rule 12(a) and 4(d) was he required by law to respond." (Doc. No. 42, at 1-2). This question has been answered repeatedly—Defendant Moon was not required by law to respond to the summons. (*See* Doc. Nos. 24, 31, 41).

The Tenth Circuit considered this exact argument in its May 27, 2022, order (Doc. No. 31). Before the Tenth Circuit was Plaintiff's motion for leave to file a supplemental pleading under Rule 15(d) in which Plaintiff "argued that Moon's failure to answer his original complaint created a new claim that had a 'substantial (ancillary effect) on the untimely claim originally pleaded which . . . creates a different tolling [effect for the statute of] limitations.'" (Doc. No. 31, at 2-3). In affirming this Court's denial, the Tenth Circuit determined that this Court did not abuse its discretion because "Johnson's implicit view—that defendants should have to answer before screening occurs—conflicts with the Prison Litigation Reform Act's goal of efficiently filtering out non-meritorious claims." (Doc. No. 31, at 4). Plaintiff has regurgitated this very same argument in the present Motion to Reconsider.

Accordingly, the motion (Doc. No. 42) is DENIED.

IT IS SO ORDERED this 20th day of September 2022.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE